IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

JOHN FARELIN HILL,

    Petitioner,

v.                                                  Case No. 1:20-cv-00404

WARDEN, FCI MCDOWELL,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is John Farelin Hill's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's § 2241 petition (ECF No. 2) and **DISMISS** this civil action for lack of jurisdiction.

**PROCEDURAL BACKGROUND AND PETITIONER'S CLAIM**

**A.**    **Petitioner's conviction.**

On July 29, 2016, Petitioner pled guilty in the United States District Court for the Western District of Michigan to one count of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States v. Hill*, No. 1:16-cr-121 (W.D. Mich., July 29, 2016). (ECF No. 11, Ex. 2). On November 8, 2016,

Petitioner was sentenced to a 96-month term of imprisonment, followed by a three-year term of supervised release.  (*Id.*, Ex. 3, Judgment).   He did not file a direct appeal or a timely motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

### B. The instant petition for writ of habeas corpus.

On June 12, 2020, Petitioner filed the instant § 2241 petition (ECF No. 1) and a memorandum in support thereof (ECF No. 2).   The petition documents assert that his conviction should be vacated in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).   Specifically, Petitioner contends that the government failed to prove all of the essential elements of the offense because his plea agreement and guilty plea did not address the element that he knew of his prohibited status when he possessed the firearms and ammunition.

As ordered by the court, on August 4, 2020, Respondent filed a response to the petition (ECF No. 11) asserting that this court lacks jurisdiction to consider Petitioner's claim under § 2241.   Petitioner filed a reply on August 24, 2020.   This matter is ripe for adjudication.

### ANALYSIS

Petitioner's claim challenges the validity of his conviction.   Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction.   Petitioner did not file a direct appeal or a § 2255 motion within the time frame provided under the law.   Thus, he would likely be procedurally barred from filing a § 2255 motion unless he can meet certain limited criteria.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in § 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention. *Id.* at 332. Thus, the denial of Petitioner's prior § 2255 motion, standing alone, will not permit this court to review his claim under § 2241. Accordingly, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of Petitioner's detention in order that he may pursue such relief under § 2241. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed <u>such that the conduct of which the petitioner was convicted is deemed not to be</u>

3

      <u>criminal</u>; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334 (emphasis added). In interpreting the phrase "this circuit," the Fourth Circuit has held that it is the law of the circuit court in which Petitioner was convicted and sentenced (which in this case is the Sixth Circuit) that controls. *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.")

      Here, Petitioner contends that the Supreme Court's decision in *Rehaif* is a new interpretation of statutory law, issued after his opportunity to file a direct appeal and a timely § 2255, which rendered him actually innocent of a § 922(g)(1) offense. Therefore, he contends that § 2255 is inadequate or ineffective to test the legality of his detention and that he can satisfy the criteria to have his claim reviewed under § 2241.

      Respondent, on the other hand, asserts that Petitioner's claim does not meet the criteria for review under the savings clause and otherwise should be brought, if at all, in a § 2255 motion filed in his court of conviction. Thus, Respondent contends that the petition should either be dismissed for lack of jurisdiction or transferred to the Western District of Michigan for consideration under § 2255. Most significantly, Respondent contends that Petitioner cannot demonstrate that the decision in *Rehaif* renders the conduct of which he was convicted not criminal.

      Petitioner's reply emphasizes that *Rehaif* constitutes a clarifying amendment of the statutory elements of § 922(g)(1) and is not a new rule of constitutional law that would permit him to raise his claim under § 2255. He further contends that this new

interpretation of the law was previously unavailable to him. Therefore, he contends that the remedy under § 2255 is inadequate and ineffective to challenge his detention.

As discussed above, in order to utilize § 2255(e)'s savings clause and challenge his conviction pursuant to § 2241, Petitioner must meet all three of the criteria set forth in *Jones*. 226 F.3d at 333-34. Petitioner's claim satisfies the first and third prongs. Settled law at the time of his conviction established the legality of his conviction and sentence. *Id.* Furthermore, *Rehaif* was a decision of statutory interpretation, not constitutional law. Thus, Petitioner cannot now satisfy the gatekeeping provisions to raise this claim in a § 2255 motion. *See Khamisi-El v. United States,* 800 F. App'x 344, 349 (6th Cir. 2020) (*Rehaif* did not announce a new rule of constitutional law); *In re Wright*, 942 F.3d 1063, 1064-65 (11th Cir. 2019) (per curiam) ("*Rehaif v. United States* did not announce a new rule of constitutional law but rather clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2).") (citing I*n re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (per curiam)).

However, Petitioner cannot satisfy the second *Jones* requirement. Since *Rehaif*, several courts within the Fourth Circuit, where Petitioner is incarcerated, and the Sixth Circuit, where Petitioner was convicted, have held that *Rehaif* did not change substantive law if the conduct for which the petitioner was convicted is still illegal and being a felon in possession of a firearm is still a valid criminal offense. *See, e.g., Harbin v. Streeval,* No. 7:20-cv-00012, 2021 WL 137843, at *3 (W.D. Va. Jan. 14, 2021) (finding that *Rehaif* claim did not meet the second criteria of *Jones*); *Bailey v. Warden*, No. 7:20-cv-00284, 2021 WL 138855, at *2 (W.D. Va. Jan. 14, 2021) (same); *Williams v. Hudgins*, No. 5:20-cv-119, 2020 WL 7054244, at *3 (N.D.W. Va. Dec. 2, 2020) (*Rehaif* did not change the

substantive law for purposes of the second prong of *Jones* because the conduct for which petitioner was convicted is still illegal); *Kerr v. Ormond*, No. 6:19-cv-170-REW, 2020 WL 7028706, at *3 (E.D. Ky. Nov. 30, 2020) (denying § 2241 petition based upon *Rehaif* and finding that stipulation to or admission of a prior felony permits inference of knowledge of prohibited status and forecloses actual innocence claim).[1]

Petitioner pled guilty to a § 922(g)(1) offense and acknowledged his prohibited status at the time he possessed the firearms and ammunition. He cannot satisfy the second prong of *Jones* because the conduct to which he pled guilty is still criminal. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, because Petitioner cannot satisfy all of the *Jones* criteria, he has not demonstrated that § 2255 is inadequate or ineffective to test the legality of his detention. Therefore, his claim is not proper for consideration under 28 U.S.C. § 2241 and he is not entitled to habeas corpus relief on his *Rehaif* claim in this court. Moreover, his petition is not appropriate for transfer to his court of conviction for consideration under § 2255.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge it is respectfully **RECOMMENDED** that the presiding District

---

[1] Based upon the undersigned's review of relevant authority, the Fourth and Sixth Circuits, and the Supreme Court itself, have yet to address the application of *Rehaif* on collateral review under the savings clause contained in § 2255(e) (although numerous cases concerning its application on direct appeal and the commensurate standard of review are pending in the appellate courts). A panel of the Fourth Circuit has found, on direct appeal, that the failure to inform defendant that government was required to prove that defendant knew he belonged to class of persons prohibited from possessing firearm was structural error, *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *cert. granted*, No. 20-444, 2021 WL 77245 (U.S. Jan. 8, 2021), while the Sixth Circuit has not found such prejudicial error, *United States v. Watson*, 820 F. App'x 397 (6th Cir. 2020) (finding no plain error on *Rehaif* claim); *see also United States v. Greer*, 798 F. App'x 483 (11th Cir. 2020), *cert. granted*, No. 19-8709, 2021 WL 77241 (U.S. Jan. 8, 2021) (finding plain error in failing to instruct jury and plain error in indictment affected his substantial rights based upon *Rehaif*).

Judge **DENY** Petitioner's § 2241 petition (ECF No. 2) and **DISMISS** this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner and to transmit a copy to counsel of record.

January 25, 2021

Dwane L. Tinsley
United States Magistrate Judge