```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**JOHN FARELIN HILL,**

       **Plaintiff,**

**v.**                                    **Civil Action No: 1:20-00404**

**WARDEN, FCI MCDOWELL,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

By Standing Order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge submitted his proposed findings and recommendations ("PF&R") on January 25, 2021. In the PF&R, Magistrate Judge Tinsley recommended that the court deny plaintiff's petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and dismiss this matter for lack of jurisdiction.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover, this court need not conduct a de novo review when a party "makes

general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

On February 5, 2021, plaintiff filed objections to the PF&R. See ECF No. 20. On February 19, 2021, plaintiff filed a "Motion Requesting Leave to Submit Additional Authority to Grant 2241/And to Request Plea Colloquy Transcripts to Support Additional Argument." ECF No. 21. The court has construed the latter filing as part of plaintiff's objections to the PF&R and has conducted a de novo review of the record as to those objections. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). However, insofar as ECF No. 21 requests transcripts, that motion is **DENIED**.

Hill is in federal custody at FCI McDowell, a BOP facility in the Southern District of West Virginia. He is serving a term of imprisonment based upon the sentence he received in the Western District of Michigan in 2016 for being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Hill seeks relief in this court based on the decision of the United States Supreme Court in Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019), which held

that for a felon-in-possession offense the government must prove a defendant knew he or she belonged to category of persons barred from possessing firearms. Magistrate Judge Tinsley concluded that plaintiff's challenge to his conviction should be brought in the court of conviction via a motion under 28 U.S.C. § 2255. The PF&R acknowledged the § 2255 savings clause but concluded that Hill was unable to show that § 2255 was inadequate or ineffective to address his claims.

"Section 2241 allows federal prisoners to seek a writ of habeas corpus in the district in which they are confined. See U.S.C. § 2241. But only in limited circumstances." Jones v. Zych, No. 15-7399, 2020 WL 2119889, *3 (4th Cir. Apr. 23, 2020).

> 28 U.S.C.A. § 2241 allows a federal prisoner to seek a writ of habeas corpus. A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined. See id. § 2241(a). This requirement caused a number of practical problems, among which were difficulties in obtaining records and taking evidence in a district far removed from the district of conviction, and the large number of habeas petitions filed in districts containing federal correctional facilities. See United States v. Hayman, 342 U.S. 205, 212-14, 72 S. Ct. 263, 96 L. Ed. 232 (1952). These practical problems led Congress to enact § 2255, "which channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently." Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997); see Hayman, 342 U.S. at 219, 72 S. Ct. 263. Section 2255 thus was not intended to limit the rights of federal prisoners to collaterally attack their convictions and sentences. See Davis v. United States, 417 U.S. 333, 343, 94 S. Ct. 2298, 41 L. Ed.2d 109 (1974) (noting that "§ 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus"); Hayman,

>  342 U.S. at 219, 72 S. Ct. 263 ("Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions."). Indeed, when § 2255 proves "inadequate or ineffective to test the legality of . . . detention," a federal prisoner may seek a writ of habeas corpus pursuant to § 2241. 28 U.S.C.A. § 2255.

In re Jones, 226 F.3d 328, 332 (4th Cir. 2000).

Motions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. See Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) ("Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255."). The remedy under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.

"Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves 'inadequate or ineffective to test the legality of a [prisoner's] detention.'" Hahn, 931 F.3d at 300 (quoting 28 U.S.C. § 2255(e)); see also Jones, 226 F.3d at 333 ("[W]hen § 2255 proves `inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). The clause is known as the "'savings clause' as it arguably saves § 2255 from unconstitutionally

4

suspending habeas corpus." Lester v. Flournoy, 909 F.3d 708, 711 (4th Cir. 2018).

> The Fourth Circuit has held that:
>
> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[1]

Jones, 226 F.3d at 333-34. The plaintiff bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. See In re Jones, 226 F.3d at 332-33; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va.

---

[1] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); Jones, 226 F.3d at 330.

5

2001); see also Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.  Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.") (citations omitted).

In evaluating plaintiff's petition, the court applies Fourth Circuit procedural law and the substantive law of the court of conviction, i.e., the United States Court of Appeals for the Sixth Circuit.  See Hahn, 931 F.3d at 301 ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.").

Magistrate Judge Tinsley recommended that plaintiff's petition be denied because he could not satisfy the second prong of the savings clause test in that neither the Supreme Court nor the United States Court of Appeals for the Sixth Circuit has declared Rehaif to be retroactive on collateral review.  Therefore, the conduct for which plaintiff was convicted is still illegal and being a felon in possession of a firearm is still a valid criminal offense.

Hill objects to the PF&R's ultimate conclusion that his claim is not cognizable in § 2241. In so doing, he fails to acknowledge that courts within the Sixth Circuit have concluded that Rehaif did not change the substantive law such that the conduct for which Hill was convicted is no longer illegal. See Parrish v. Young, Civil Action No. 5:20-00710, 2021 WL 3504643, at *4 (S.D.W. Va. July 13, 2021) ("Additionally, Rehaif did not change substantive law. Courts within the Fourth and Sixth Circuits have held that Rehaif did not change substantive law if the conduct for which the petitioner was convicted is still illegal and being a felon in possession of a firearm is still a valid criminal offense."), proposed findings and recommendation adopted by 2021 WL 3503228 (S.D.W. Va. Aug. 9, 2021); Mann v. Young, CIVIL ACTION NO. 5:19-cv-00548, 2020 WL 5806726, at *1 (S.D.W. Va. Sept. 29, 2020) ("District courts within the Sixth Circuit, however, have concluded that Rehaif does not apply retroactively on collateral review."); Butcher v. Williams, Case No. 5:20CV541, 2020 WL 8642100, at *2 (N.D. Ohio Sept. 17, 2020) ("Numerous federal district courts within the Sixth Circuit, and circuit courts of appeals outside of the Sixth Circuit, have held that Rehaif does not retroactively apply to cases on collateral review.").

Based on the foregoing, and the fact that Hill has not shown that § 2255 is an inadequate or ineffective vehicle for obtaining the review he seeks, this action should be dismissed.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Tinsley, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein. Accordingly, the court hereby **DENIES** plaintiff's petition under 28 U.S.C. § 2241 and **DISMISSES** this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 28th day of September, 2021.

*David A. Faber*
David A. Faber
Senior United States District Judge